Houck, J.
The original suit was one in mandamus, in which it was sought to compel the defendants below, the plaintiffs in error here, as members of the board, of education of Dover township rural school district' of Tuscarawas county, Ohio, to re-establish what was formerly known as -“Sub-district School No. 12” or to convey the pupils of school age residing therein to some other school within said rural school district.
A demurrer was filed to the petition, stating four grounds:
1. That the facts stated in the petition were insufficient in law.
2. Defect of parties plaintiff.
3. Defect of parties defendant.
. 4. That plaintiffs had no legal authority to bring suit.
The trial judge overruled said demurrer, and exceptions were taken to same. Answer was filed, which in substance was a- general denial.
Trial was had and the petition was dismissed as to the question of re-establishing such- reputed Sub-district School No. 12, but judgment was entered for plaintiffs, allowing a peremptory writ of mandamus against the members -of the board of education of the Dover township rural school district, ordering and directing said board of education to convey said pupils of school age to the nearest school in said Dover township rural school district.
*452 We have carefully read the testimony in the case, as contained in the bill of exceptions, and have made an examination of the record here presented, for . the purpose of determining whether or not there is such error prejudicial to the rights of plaintiffs in error as would authorize a reversal of the judgment.
In our opinion the judgment of the common pleas court should be reversed for two reasons:
1. There is a misjoinder of parties defendant. The real party defendant should be the county board of education of Tuscarawas county, Ohio. We reach this conclusion because of the provisions of Section 7731, General Code, as found in 107 Ohio Laws, 625, which reads:
“When local boards of education neglect or refuse to provide transportation for pupils, the county board of education shall provide such transportation and the cost thereof shall be charged against the local -school district. When the county board of education certifies to the county auditor the amount paid for such transportation the county auditor shall transfer such amount from the funds due the said board of education to the county board of education fund.”
The undisputed evidence is that a demand was made upon the board of education of Dover township rural school district, but none was made upon the county board of education, and there is an entire -absence of proof, -showing or tending to show, that the county board of education had any knowledge whatever of the failure or refusal of said board of education of Dover township rural school district to convey the pupils in question to *453 some school in said district. Applying the statutory law just quoted to these facts we feel the conclusion above reached is sound.
2. We hold the rule to be well established that in a proceeding by mandamus to compel an officer to do an act which'it is claimed the law enjoins upon him, the existence of all the facts necessary to put 'him in default must be shown.
Testing the evidence in this case by the rule of law thus laid down, we find that it does not meet requirements, and, therefore, the trial judge was in error in entering the judgment in the present case.- The errors referred to being prejudicial to the rights of the plaintiffs in error, the judgment of the common pleas court must be revérsed.

Judgment reversed and cause remanded for further proceedings according to law.

Powell and Shields, JJ., concur.